■ In the Matter of Louis G. Seminaro et al., Petitioners, v State

LIQUOR AUTHORITY, Respondent.—Determination unanimously modified in accordance with memorandum and as modified confirmed, without costs. Memorandum: Petitioners' special on-premises liquor license was suspended for 10 days and their $1,000 bond forfeited. Petitioners appeal claiming that the record lacks substantial evidence to support the finding that they suffered or permitted gambling on the licensed premises and that the penalty imposed was unduly harsh. The commissioner's findings relied upon the testimony of a police officer who visited the premises over a two-week period for several hours each evening. He testified that petitioner, Louis Seminaro, accepted bets over the bar for Vernon Downs races. Petitioner testified that he did not take bets but merely made change for two patrons, one of whom placed a bet with the other who went to the local track every night. Petitioner was, therefore, violating subdivision 6 of section 106 of the Alcoholic Beverage Control Law which states that: "No person licensed to sell alcoholic beverages shall suffer or *permit* any gambling on the licensed premises" (emphasis supplied). The record, therefore, contains substantial evidence to support the commissioner's determination. Turning to the question of the penalty, we find that the licensees had an unblemished record. Under the facts and circumstances of this case, we conclude that a 10-day suspension is sufficient punishment and that the $1,000 bond forfeiture is excessive and "so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness" *(Matter of Stolz v Board of Regents of Univ. of State of N. Y.,* 4 AD2d 361, 364). We find the other contentions raised by petitioners to be without merit. (Review of determination suspending restaurant license, transferred by order of Oneida Supreme Court.) Present—Moule, J. P., Cardamone, Mahoney, Goldman and Witmer, JJ.